Burton L. TILLMAN, Plaintiff,

v.

Zell MILLER, in his official capacity as Governor of the State of Georgia, and Michael Bowers, in his official capacity as Attorney General of the State of Georgia, Defendants.

Civ. A. No. 1:95–cv–1594–CC.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 30, 1995.

**800**

Peter Crane Canfield, Sean R. Smith, Dow, Lohnes & Albertson, Atlanta, GA, for plaintiff.

Brenda Sue Hill Cole, State of Georgia Law Department, Kevin Harrison Hudson, Office of State Attorney General, Atlanta, GA, for defendants.

## ORDER

COOPER, District Judge.

Plaintiff Burton L. Tillman seeks a temporary restraining order enjoining the State of Georgia from enforcement of the "Workers' Compensation Truth in Advertising Act of 1995", codified at O.C.G.A. §§ 34–9–30 *et seq.* (the "Statute"), on the grounds that the Statute violates the Constitution of the United States and the State of Georgia. The Statute is scheduled to become effective on July 1, 1995. The parties presented briefs and argument to the Court, and after consideration of all evidence and argument presented to the Court, the Court holds that Plaintiff has met the four-part test for the issuance of a temporary restraining order and that the State of Georgia is hereby enjoined from enforcement of O.C.G.A. §§ 34–9–30 *et seq.*

## FACTS

The Statute requires anyone who advertises workers' compensation services on television to include in each such advertisement a five-second notice, in Roman font 36 point type, that reads as follows:

> Willfully making a false or misleading statement or representation to obtain or deny workers' compensation benefits is a

crime carrying a penalty of imprisonment and/or a fine of up to $10,000.00. O.C.G.A. § 34–9–31.

Failure to include this notice in any television advertisement can result in a fine for each violation.

Plaintiff Tillman is a member in good standing of the State Bar of Georgia. Plaintiff provides workers' compensation claims services and presently advertises those services through television advertisements. Plaintiff plans to continue to employ television advertisements after the July 1, 1995 effective date of the Statute. Thus, Plaintiff will be directly affected by the requirements of the Statute in that he will be required to run the statutory notice as part of any television advertisement regarding his providing workers' compensation claims services.

## DISCUSSION

■ To be entitled to a temporary restraining order, a plaintiff must meet a four-part test. Plaintiff must establish: (1) a substantial likelihood of success on the merits of his claim, (2) irreparable harm absent the injunction, (3) harm from a denial of the injunction, which outweighs the harm of the Defendant from a grant of the injunction, and (4) no adverse effect to the public interest. *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1561 (11th Cir.1989). In this case the Court finds that Plaintiff meets each prong of this test.

■ Plaintiff has a substantial likelihood of success on the merits of his First Amendment challenge. To evaluate the strength of Plaintiff's substantive First Amendment claim, the Court must engage in a two-step inquiry. First, the Court must determine if the Statute regulates protected speech and thereby implicates the First Amendment. Second, the Court must consider whether the regulation can withstand the requisite level of First Amendment scrutiny. *Central Hudson Gas & Electric Corp. v. Public Service Comm'n of New York,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).

■ The Statute compels rather than prohibits commercial speech. Compelled commercial speech implicates First Amendment

protections. Nothing in *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626, 636–38, 105 S.Ct. 2265, 2274, 85 L.Ed.2d 652 (1985), or other Supreme Court precedent, holds otherwise. Thus, Plaintiff is likely to succeed on the merits of the first inquiry.

With respect to the second inquiry, the State must make two showings: (1) the State must show that the restriction directly and materially advances a substantial government interest, including a showing that the harm cited by the government is real, and (2) the State must show that the regulation is narrowly drawn.

In this case, the Statute was designed to "assure truthful and adequate disclosure of all material and relevant information in advertising." The Court finds this to be a substantial State interest, however, the Court finds that there has been no indication that the harm cited by the State is real.

The possibility that a listener would be misled about Plaintiff's services by Plaintiff's advertisements is not self-evident to the Court. *Compare Zauderer*, 471 U.S. 626, 105 S.Ct. 2265 (where listener's interpretation of advertisement hinged on technical distinction between the term "fees" and the term "costs," Court found that the possibility of confusion was self-evident).

The government also argues that a listener might be misled into thinking "there [is] no risk of bringing a false claim." The Court finds that it is not self-evident that somehow a listener, who otherwise would not bring a false claim, would be enticed to bring a false claim after listening to one of Plaintiff's truthful advertisements. Since the "real harm" is not self-evident, the State must present more than general assertions that the harm is real. At this time, the State has presented no such evidence.

It also is important to note that in *Zauderer* the advertiser was compelled to speak in order to protect the listener from fraud or deception by the advertiser. However, under the present Statute, the advertiser is compelled to speak to protect the public good from fraud or deception by listeners, not by the advertiser.

Thus, Plaintiff is likely to succeed on the merits of the second inquiry and, therefore, on his First Amendment claim as a whole.

■ The next temporary restraining order test element is proof of irreparable harm. Irreparable harm is defined as the type of harm that cannot be remedied merely by monetary or other legal damages but instead only can be prevented by the exercise of the court's equitable powers. *See, e.g., Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir.1991). It is widely recognized that a violation of the First Amendment free speech rights of a citizen of the United States is the type of inquiry that cannot be remedied merely by money damages but instead is properly corrected only through the equitable powers of the federal courts. *See, e.g., Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976) ("The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury."); *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir.1983) (same). The Court finds that Plaintiff has established the irreparable harm element of the temporary restraining order test.

■ Similarly, the Court finds that Plaintiff has met the third element of the temporary restraining order test. The balance of the harms element of the test requires that Plaintiff establish that the harm he would suffer in the absence of an injunction outweighs the harm that might befall the non-moving party if the injunction is granted. The focus is on any harm that will occur between the grant of the injunction and a final trial on the merits. *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir.1983). The harm that would befall Plaintiff from the loss of his First Amendment rights far outweighs any harm that the State might suffer from a delay in the effective date of the statute.

Finally, the Court finds that the public interest will not be disserved by the enjoining of the Statute. There is no harm to the public from granting an injunction that would prohibit enforcement of the Statute until the Court has evaluated its constitutionality, especially when the Statute could impair a

fundamental constitutional right to free speech as guaranteed under the First Amendment.

### CONCLUSION

The Court hereby holds that Plaintiff Tillman has met the requirements for the entry of a temporary restraining order, and the Court hereby ENJOINS the State of Georgia from enforcement of O.C.G.A. §§ 34–9–30 through 32. By agreement of the parties, this temporary restraining order shall remain in effect until such time as the Court rules on the motion for preliminary injunction, after the Court has conducted a hearing on that motion.

SO ORDERED this 30th day of June, 1995.